# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-364-CG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 12, 2017, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 26); *see also Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868 (W.D. Okla. Sept. 12, 2017). Plaintiff James Edward Murray now moves for an award of attorney's fees in the amount of $5733.30 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. Att'y Fees (Doc. No. 27); Pl.'s Suppl. (Doc. No. 30). Defendant has objected to the Motion (Def.'s Obj. (Doc. No. 28)), and Plaintiff has replied (Pl.'s Reply (Doc. No. 29)).

I.  *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United

States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined on the basis of the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

III.    *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ committed legal error by failing to adequately link his credibility determination to substantial evidence. *See Murray*, 2017 WL 4010868, at *2-6. Reversal was therefore required. The Court declined to address other propositions of error raised by Plaintiff. *See id.* at *6 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Defendant objects to any award of fees, arguing that the government's position was substantially justified with respect to both denying Plaintiff's applications for benefits and defending that denial in this Court. *See* Def.'s Obj. at 1-7; *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."). Defendant repeats the arguments previously made in support of affirmance but does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see* Def.'s Obj. at 5-6.

Defendant argues that the government's position was substantially justified in light of Tenth Circuit case law proposing that courts not "insist on technical perfection" in ALJ decisions. Def.'s Obj. at 5 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)); *see also Davis v. Erdmann*, 607 F.2d 917, 918 n.1 (10th Cir. 1979); *Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009). Moreover, Defendant argues that the Tenth Circuit has "recently upheld a district court's determination that the Commissioner was substantially justified under similar circumstances where the basis for remand was that the ALJ's articulation was less than ideal," though this case involved articulation of the weight

3

accorded a medical opinion, not articulation in the credibility analysis. Def.'s Obj. at 6 (citing *Hays v. Berryhill*, 694 F. App'x 634 (10th Cir. 2017)).

The ALJ's credibility determination, however, did not comport with Tenth Circuit authority requiring that credibility determinations be "closely and affirmatively linked" to substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010); *Murray*, 2017 WL 4010868, at *3-6. Moreover, Defendant's arguments ignore the fact that, in addition to the ALJ's error of failing to articulate the link between the credibility determination and substantial evidence, the ALJ also took facts out of context. *See Murray*, 2017 WL 4010868, at *4-5; *Sisco v. U.S. Dep't of Health & Human Serv.*, 10 F.3d 739, 743 (10th Cir. 1993) (explaining that an ALJ cannot support his credibility analysis "by taking Plaintiff's testimony out of context and selectively acknowledging parts of her statements while leaving important segments out"); *Phillips v. Colvin*, No. CIV-13-61-D, 2014 WL 1689686, at *2-4 (W.D. Okla. April 29, 2014). The mischaracterization of evidence to support an adverse credibility determination is sufficient to preclude a finding of substantial justification, even where there is a genuine dispute regarding whether substantial evidence supported the credibility determination. *See, e.g., Sitsler v. Astrue*, No. CIV-08-592-PJC, 2011 WL 1694452, at *1 (N.D. Okla. May 4, 2011); *Whelan v. Colvin*, No. CIV-15-129-R, 2016 WL 5210755, at *1-2 (W.D. Okla. Aug. 3, 2016) (R. & R.), *adopted*, 2016 WL 5210802 (Sept. 21, 2016).

Defendant has not shown that the United States' position before the SSA and this Court was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (B), (d)(2)(D).

IV.   *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $5733.30, calculated as follows: 27 hours of work performed by his attorney in 2015 at a rate of $190.00 per hour; 0.6 hours of work performed by his attorney in 2016 at a rate of $193.00 per hour; and 2.5 hours of work performed by his attorney in 2017 at a rate of $195.00 per hour. *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 27-1) at 2; Pl.'s Suppl. Ex. 1 (Doc. No. 30-1) at 1. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $190.00 is a reasonable hourly rate for attorney work performed in 2015, $193.00 is a reasonable hourly rate for work performed in 2016, and $196.00 is a reasonable hourly rate for work performed in 2017 on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 27-3), Mem. from Denver OGC Office to Pls.' Att'ys Handling Soc. Security Litig. in Okla. &

5

N.M. (Aug. 3, 2017). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided and judicially noticed.

In addition, an award of the fees requested in Plaintiff's Supplement (to which Defendant filed no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See Vincent*, 247 F. Supp. 3d at 1229-30; *Hull v. Berryhill*, No. 2017 WL 2023765, at *2-3 (W.D. Okla. May 23, 2017).

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. Nos. 27, 30) and awards attorney's fees under the EAJA in the amount of $5733.30, with said amount to be paid directly to Plaintiff and sent in care of Casey L. Saunders, P.O. Box 2318, Ada, Oklahoma, 74821. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 30th day of March, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE